

FILED

AUG 3 0 2018

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FIRST INTERSTATE BANK, | CV 18–94–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| W RESOURCES, LLC, a Louisiana limited liability company; KATHY ANN CRESS, fka KATHY ANN CRESS WORLEY, an individual; and UNITED MISSISSIPPI BANK, a Mississippi corporation, | |
| Defendants. | |

This case involves Defendant W Resources's alleged default on an obligation to Plaintiff First Interstate Bank under a note secured by a mortgage and security agreement. (Doc. 1 at 2–4.) Defendant Kathy Ann Cress is allegedly a personal guarantor on the note. (*Id.* at 3.) Defendant United Mississippi Bank allegedly holds a junior interest in the mortgaged property. (*Id.*) Defendants have not yet appeared in this case.

Count One of the Complaint alleges that First Interstate Bank is entitled to judgment against W Resources for the note's $8,702,189.50 unpaid balance, plus interest. (*Id.* at 5–6.) Count Two alleges that Plaintiff is entitled to foreclose W

Resources's mortgaged property. (*Id.* at 6–8.) Count Three alleges that Plaintiff is entitled to foreclose W Resources's personal property named in the security agreement. (*Id.* at 8–9.) Count Four alleges that Plaintiff is entitled to judgment against Cress for the note's $8,702,189.50 unpaid balance, plus interest. (*Id.* at 9–10.) On August 7, 2018, First Interstate Bank provided notice that on July 23, 2018, W Resources filed for bankruptcy in the U.S. Bankruptcy Court for the Middle District of Louisiana. (Doc. 4.)

Under Section 362(a) of the Bankruptcy Code, a petition for bankruptcy automatically stays all judicial proceedings against the debtor. 11 U.S.C. § 362(a)(1). But, "section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (quoting *Advanced Ribbons & Office Prods., Inc. v. U.S. Interstate Distrib. Inc.*, 125 B.R. 259, 263 (Bankr. 9th Cir. 1991)). Nevertheless, this Court has discretion to stay proceedings pursuant to its inherent power to control its docket, *see, e.g., Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979), considering fairness to the parties and judicial economy, *see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110–13 (9th Cir. 2005) (canvassing Ninth Circuit precedent upholding discretionary stays). A discretionary stay may be appropriate for purposes of fairness and efficiency when pending proceedings in another forum implicate the

case before the Court. *Leyva*, 593 F.2d at 863.

Here, Counts One, Two, and Three are against the debtor, W Resources, and therefore fall within Section 362(a)'s automatic stay. Count Four, against the alleged guarantor, Cress, is not automatically stayed. However, because the Bankruptcy Court's resolution of First Interstate Bank's claims against W Resources may impact the claim against Cress, fairness and judicial economy counsel staying proceedings against Cress pending resolution of the related bankruptcy action.

Accordingly, IT IS ORDERED that these proceedings are STAYED.

IT IS FURTHER ORDERED that the parties provide the Court with a status report on the bankruptcy proceeding by March 1, 2019, September 1, 2019, and every March 1 and September 1 going forward. Additionally, Plaintiff must provide the Court with a status report within thirty (30) days of the Bankruptcy Court's resolution of issues relevant to this proceeding.

DATED this _____ day of August, 2018.

Donald W. Molloy, District Judge
United States District Court